## BROWN v. GORDON.

If a Coroner, who is sued for neglect of his duty *as such*, be also a deputy sheriff, the service of the writ by another deputy of the same sheriff is bad. The rule requiring the defendant, when pleading in abatement, to give the plaintiff *a better writ*, applies to the averment of *facts* only.

*Case* for neglect of the duty of defendant as a *Coroner*, in the service of an execution in favour of the plaintiff against one *J. S.* whereby the plaintiff lost the benefit of his judgment.

The defendant pleaded in abatement that he was a deputy sheriff, and that the writ was served on him by another deputy of the same Sheriff. The plaintiff replied that the defendant was also a Coroner, duly commissioned and qualified; to which replication the defendant demurred, and the plaintiff joined in demurrer.

*Shepley,* for the defendant, relied on *Gage v. Graffham,* 11 *Mass.* 181. as decisive of the question.

Brown *v.* Gordon.

*Emery,* for the plaintiff, contended that the Sheriff not being liable for the misdoings of his deputy while acting in the office of Coroner, the interest and privity which might otherwise render the service illegal did not exist; and cited *Colby v. Dillingham,* 7 *Mass.* 475.

MELLEN C. J. afterwards delivered the opinion of the Court.

By the plea in abatement it appears that the defendant, at the time of the service of the writ, was a deputy sheriff; and that the officer who served it was also a deputy,—both under the same Sheriff. The replication states that the defendant was also a Coroner at that time. There is no doubt that the replication is bad. The defendant is not less a deputy sheriff for being also a Coroner;—and the statute is express that one deputy cannot legally serve a writ on another deputy, nor on the Sheriff;—the service must be by a Coroner, or by a Constable if within the limit of his authority.

Some doubt was entertained and expressed when the case was first examined, whether the *plea* was not also bad, because it does not state how the writ should have been served, and so give the plaintiff a better writ. But we are satisfied that the plea is good, though containing no such averment. It discloses facts shewing that the officer who made the service was not by law authorized so to do, and consequently that the service was illegal:—and seeing these facts, we are bound to take notice of the public statute which directs that in such cases the service should have been by a Coroner or Constable, though the plea does not aver that it should have been so served. The rule as to giving the plaintiff *a better writ,* as it is termed, applies only to the disclosure or averment of *facts;*—no man is bound to aver to the Court what the *law* is;—they must take judicial notice of it.

*Writ abated.*